KENNETH D. LIEB ET AL., APPELLEES, v. RICHARD M. PITSCH ET AL., APPELLANTS.

342 N.W.2d 377

Filed January 6, 1984. No. 82-802.

Kent F. Jacobs of Blevens, Blevens & Jacobs, for appellants.

Frederick B. Allan, Jr., and Larry L. Brauer of Allan & Brauer, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The plaintiffs, Kenneth D. Lieb and Nancy M. Lieb, and the defendants, Richard M. Pitsch and Betty R. Pitsch, are the owners of adjoining parcels of real estate located in Seward, Nebraska. The defendants have appealed from an order of the district court which granted the plaintiffs' petition for an order enjoining the defendants from constructing and maintaining a chain link fence on the defendants' property. This fence ran alongside a building located on the plaintiffs' property. We reverse.

This case was tried on a very brief stipulation of facts. According to that stipulation, the plaintiffs own a steel building which houses a retail liquor establishment and the plaintiffs' residence. That building is located on or within 10 inches of the common boundary line between the two properties.

Sometime in August of 1981, the defendants began to construct a 5-foot-high steel link fence, with the steel posts set in a concrete foundation. The fence and foundation are both located on the defendants' property, which in turn is approximately 10 inches from the base of plaintiff's building. Located on the side of plaintiffs' building, next to the defendants' fence, is one window. This window is the only opening, either door or window, on the north side of the structure.

As previously stated, the trial court found in favor of the plaintiffs, that the evidence indicates that the

fence as it is constructed will create a multiplicity of problems, and ordered that the fence be removed to a distance of at least 3 feet from the plaintiffs' building.

This is an equity case, and we review it de novo on the record. In *Bush v. Mockett*, 95 Neb. 552, 556, 145 N.W. 1001, 1002 (1914), this court said: "No doubt every one has the right to any beneficial use he may see fit to make of his own property, if the benefit he seeks is not out of all reasonable proportion to the injury caused to another. His neighbors have no legal cause to complain although it may interfere with some privileges formerly enjoyed."

From an examination of the record we conclude that the fence was not unsightly, nor was it constructed with malicious intention to injure the plaintiffs. Each property owner has a right to the reasonable use of his property, and the construction of the fence in this instance was not an unreasonable use.

The judgment of the district court is reversed, and the cause is remanded with directions to dismiss the plaintiffs' petition.

REVERSED AND REMANDED WITH DIRECTIONS.